UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | EDCV 05-0567 CAS (CTx) | Date | July 28, 2009 |
|---|---|---|---|
| Title | FRED RAY HARRIS v. SAN BERNARDINO COUNTY SHERIFF DEPARTMENT, ET AL | | |

| Present: The Honorable | CHRISTINA A. SNYDER | | |
|---|---|---|---|
| CATHERINE JEANG | Not Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**Proceedings:** (IN CHAMBERS): DEFENDANT'S MOTION FOR SUMMARY JUDGMENT (filed 6/15/09)

## I.    INTRODUCTION

Plaintiff Fred Ray Harris filed the instant action pursuant to 42 U.S.C. § 1983 on July 5, 2005.  On August 3, 2005, plaintiff filed a first amended complaint.  On April 17, 2009, plaintiff filed a second amended complaint ("SAC") against the San Bernardino County Sheriff Department (the "Sheriff's Department"), San Bernardino County Sheriff Gary S. Penrod[1], Heike Olafsen DDS ("Olafsen"), and Does 5 through 10.  Plaintiff's SAC alleges violations of his rights secured by 42 U.S.C. § 1983 and by the Eighth Amendment of the United States Constitution.

On June 15, 2009, defendants Olafsen and the Sheriff's Department (collectively, "defendants") filed a motion for summary judgment.  On June 29, 2009, plaintiff filed his opposition.  Defendants filed their reply on July 2, 2009.  A hearing was held on July 13, 2009, at which the Court requested supplemental briefing on the issue of Monell liability for the Sheriff's Department. Plaintiff filed a supplemental brief on July 20, 2009.  After carefully considering the arguments set forth by the parties, the Court finds and concludes as follows.

/ / /
/ / /

---

[1] The parties stipulated as to the dismissal of individual defendant Gary S. Penrod and on June 19, 2009, the Court dismissed Penrod from this action in both his individual and official capacities.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 05-0567 CAS (CTx) | Date | July 28, 2009 |
|---|---|---|---|
| Title | FRED RAY HARRIS v. SAN BERNARDINO COUNTY SHERIFF DEPARTMENT, ET AL | | |

**II. BACKGROUND**

    A.    **Plaintiff's Admittance to the West Valley Detention Center**

On May 31, 2003, plaintiff was admitted to the West Valley Detention Center ("WVDC") and interviewed by a nurse who filled out a Receiving Screening form. Defendant's Statement of Uncontroverted Facts ("DSUF") ¶ 1-2; Plaintiff's Additional Material Facts ("PAMF") ¶ 32. On plaintiff's signed Receiving Screening Form, question number 11 asked, "do you have any artificial limbs, braces, dentures, hearing aids, contact lenses, or eyeglasses?" and the intake nurse circled "eyeglasses" and wrote "at home" alongside the question. Wild Decl., Ex. A; DUSF ¶ 2-4; Plaintiff's Statement of Genuine Issue ("PSGI") ¶ 4.

The parties dispute whether the intake nurse asked plaintiff if he was wearing dentures, and whether plaintiff answered affirmatively. Defendants allege that plaintiff made no indication he was wearing dentures when he was asked, otherwise the intake nurse would have circled the term "dentures" on the Receiving Screening form. DSUF ¶ 2-4; Wild Decl. at 2:19-22. Defendants contend that the Sheriff's Department has a policy that every person performing intake services asks each incoming inmate each of the questions on the Receiving Screening form verbatim, and then records the inmate's responses. DSUF ¶ 3; Wild Decl. at 2:24-27. Upon completion of the entire form, both the intake nurse and the inmate sign the form to verify its accuracy. Wild Decl. at 3:1-2.

Plaintiff alleges that he entered WVDC with upper and lower dental plates and that the intake nurse did not ask him whether he was wearing dentures, as he would have answered affirmatively had he been asked. PAMF ¶ 32,35; Harris Decl. ¶ 2. Plaintiff further alleges that the intake nurse did not ask various other questions on the Receiving Screening form, as evidenced by fact that the form makes no indication of plaintiff's history of arthritis or back problems. PAMF ¶ 32-34; Harris Decl. ¶ 2.

    B.    **Plaintiff's Health Services Requests and Treatment Following the November 7, 2004 Shakedown**

On November 7, 2004, plaintiff submitted an Inmate Grievance Form seeking a replacement for his lower dentures which were allegedly lost during a shakedown on or about November 7, 2004. SAC, Ex. A. On November 23, 2004, plaintiff filed a Health

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES - GENERAL**

| Case No. | CV 05-0567 CAS (CTx) | Date | July 28, 2009 |
|---|---|---|---|
| Title | FRED RAY HARRIS v. SAN BERNARDINO COUNTY SHERIFF DEPARTMENT, ET AL | | |

Service Request seeking replacement dentures. DSUF ¶ 5; PSGI ¶ 5. Plaintiff visited defendant Olafsen, the prison dentist, pursuant to the Health Service Request, on November 29, 2004 and November 30, 2004. DSUF ¶ 6-8; PSGI ¶ 6-8. At the November 30, 2004 appointment, Olafsen told plaintiff he would need to file a government claim form in order to replace his lower dental plate. DUSF ¶ 8; PSGI ¶ 8.

The parties dispute whether plaintiff complained to Olafsen about pain or difficulty chewing at the appointments on November 29, 2004 and November 30, 2004. Defendants allege that plaintiff made no mention of pain or difficulty chewing at the November 29, 2004 or November 30, 2004 appointments with prison dentist Olafsen. DSUF ¶ 7, 9. Olafsen further alleges that if plaintiff had mentioned his difficulty eating, she would have indicated his complaints in her notes, and her notes from the November appointments contain no such complaints. Olafsen Decl. at 2, Ex. F. Conversely, plaintiff responds that he complained of difficulty eating at the November 29, 2004 appointment. PSGI ¶ 7, 9; Harris Decl. ¶ 5.

On February 25, 2005, plaintiff filed a government claim for a replacement dental plate, but his claim was denied on April 1, 2005 after the investigator found no record that plaintiff possessed a dental plate while at WVDC. DSUF ¶ 10-12; Opp'n at 7. Plaintiff alleges that during the nine months between his November 30, 2004 and September 1, 2005 visits, he submitted multiple requests for dental care, but was not seen by a dentist and did not receive dental care to mitigate his suffering during this time. PAMF ¶ 48; Harris Decl. ¶ 7.

On July 5, 2005, plaintiff initiated the instant civil action. On August 31, 2005, plaintiff filed a Health Service Request form seeking dental care. Wild Decl., Ex. C. On September 1, 2005, plaintiff met with Olafsen who prescribed a mechanical soft food diet in response to plaintiff's complaints of difficulty eating. DSUF ¶14, 15; PSGI ¶ 14, 15.

The parties also dispute the facts surrounding Olafsen's prescription of a soft food diet to treat plaintiff's condition. At the September 1, 2005, appointment, Olafsen alleges that she observed plaintiff to be nourished and free of symptoms indicating that the mechanical soft food diet would not negatively impact plaintiff's future health. Olafsen Decl. at 3:25-28; DSUF ¶ 16, 17. Conversely, plaintiff alleges that at the September 1, 2005 visit, he informed Olafsen that he was experiencing pain in his gums and difficulty

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 05-0567 CAS (CTx) | Date | July 28, 2009 |
|---|---|---|---|
| Title | FRED RAY HARRIS v. SAN BERNARDINO COUNTY SHERIFF DEPARTMENT, ET AL | | |

eating. PAMF ¶ 14; Harris Decl. ¶ 8.

After filing another Health Service Request form on October 31, 2005, plaintiff met with Olafsen on November 15, 2005 and complained that his gums were still sore. Olafsen Decl. at 4:2-3; PSGI ¶ 19. Olafsen responded by modifying the soft food diet.

The parties dispute the effectiveness of the soft food diet, and the propriety of Olafsen's decision to modify the existing diet, rather than adopt an alternative course of treatment. Olafsen alleges that, despite plaintiff's complaints, his lower gums appeared to be normal, showing no signs of infections, ulcers, or lacerations. DSUF ¶ 2; Olafsen Decl. at 4:2-8. Olafsen further alleges that she adjusted plaintiff's prescription diet in response to his complaint about eating lettuce, but concluded that plaintiff's signs of improvement since September 1, 2005 indicated that the mechanical soft food diet had adequately addressed plaintiff's medical needs. Olafsen Decl. at 4:21-22. Plaintiff responds that although he complained of persistent gum pains and difficulty eating, Olafsen, well aware of plaintiff's discomfort, made only a minor change to his diet when she possessed the authority to recommend ordering plaintiff new dental plates. PAMF ¶ 58-60.

Pursuant to another Health Service Request on December 25, 2005, plaintiff had a final appointment with Olafsen on December 27, 2005. DSUF ¶ 22; PSGI ¶ 22. Olafsen alleges that plaintiff denied having any difficulties with his teeth or gums, stated that he was eating fine, and requested records for his attorney. DSUF ¶ 22-24; Olafsen Decl., Ex. L. Plaintiff responds that the purpose of this appointment was to learn how to obtain copies of his dental records, and denies that Olafsen asked him about his gums, as they were still painful at the time of the appointment and he would have indicated this to her. PAMF ¶ 63, 64; Harris Decl. ¶ 10.

## II.   LEGAL STANDARD FOR SUMMARY JUDGMENT

Summary judgment is appropriate where "there is no genuine issue as to any material fact" and "the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). The moving party has the initial burden of identifying relevant portions of the record that demonstrate the absence of a fact or facts necessary for one or more essential elements of each cause of action upon which the moving party seeks judgment.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 05-0567 CAS (CTx) | Date | July 28, 2009 |
|---|---|---|---|
| Title | FRED RAY HARRIS v. SAN BERNARDINO COUNTY SHERIFF DEPARTMENT, ET AL | | |

See Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).

If the moving party has sustained its burden, the nonmoving party must then identify specific facts, drawn from materials on file, that demonstrate that there is a dispute as to material facts on the elements that the moving party has contested. See Fed. R. Civ. P. 56(c). The nonmoving party must not simply rely on the pleadings and must do more than make "conclusory allegations [in] an affidavit." Lujan v. National Wildlife Fed'n, 497 U.S. 871, 888 (1990). See also Celotex Corp., 477 U.S. at 324. Summary judgment must be granted for the moving party if the nonmoving party "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Id. at 322. See also Abromson v. American Pacific Corp., 114 F.3d 898, 902 (9th Cir. 1997).

In light of the facts presented by the nonmoving party, along with any undisputed facts, the Court must decide whether the moving party is entitled to judgment as a matter of law. See T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n, 809 F.2d 626, 631 & n.3 (9th Cir. 1987). When deciding a motion for summary judgment, "the inferences to be drawn from the underlying facts . . . must be viewed in the light most favorable to the party opposing the motion." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986) (citation omitted); Valley Nat'l Bank of Ariz. v. A.E. Rouse & Co., 121 F.3d 1332, 1335 (9th Cir. 1997). Summary judgment for the moving party is proper when a rational trier of fact would not be able to find for the nonmoving party on the claims at issue. See Matsushita, 475 U.S. at 587.

## III. DISCUSSION

### A. Deliberate Indifference to Plaintiff's Medical Needs

In Estelle v. Gamble, 429 U.S. 97 (1976), the United States Supreme Court held that deliberate indifference to a prisoner's serious medical needs, whether by a prison doctor or prison guard, is prohibited by the Eighth Amendment prohibition on cruel and unusual punishment. Id. at 104-105. Deliberate indifference analysis centers on whether

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 05-0567 CAS (CTx) | Date | July 28, 2009 |
|---|---|---|---|
| Title | FRED RAY HARRIS v. SAN BERNARDINO COUNTY SHERIFF DEPARTMENT, ET AL | | |

a prison official "knows of and disregards an excessive risk to inmate health and safety." Farmer v. Brennan, 511 U.S. 825, 837 (1994).

In the Ninth Circuit, plaintiffs who bring 42 U.S.C. § 1983 claims based on medical treatment must satisfy both parts of the deliberate indifference test. Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006); McGuckin v. Smith, 974 F.2d 1050 (9th Cir.1991), overruled on other grounds by WMX Techs., Inc. v. Miller, 104 F.3d 1133 (9th Cir.1997) (en banc). "First, plaintiffs must establish a 'serious medical need,' by demonstrating that 'failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain.'" Jett, 439 F.3d at 1096 (citing McGuckin, 974 F.2d at 1059 (internal citations omitted)). Second, plaintiffs must demonstrate that defendants' response to the serious medical need was deliberately indifferent. Id. To prove deliberate indifference, plaintiffs can show: (1) a purposeful act or failure to respond to a prisoner's pain or possible medical need, and (2) harm caused by the indifference." Id. Alternatively, plaintiffs can demonstrate deliberate indifference in a prison official's denial, delay or intentional interference with medical treatment, or by a prison official's method of providing medical treatment. Id. (citing Hutchinson v. United States, 838 F.2d 390, 392 (9th Cir.1988)). Yet, an "inadvertent [or negligent] failure to provide adequate medical care alone does not state a claim under § 1983." Id. (citing Estelle, 429 U.S. at 105).

In addition to general medical care, "the eighth amendment requires that prisoners be provided with a system of ready access to adequate dental care." Hunt, 865 F.2d 198, 200 (9th Cir. 1988) (holding that summary judgment was inappropriate where plaintiff alleged that prison officials were aware of his bleeding gums, breaking teeth and inability to eat properly due to the loss of his dentures, yet failed to take any action to relieve his pain or to prescribe soft food diet). In the prison context, "[d]ental care is one of the most important medical needs of inmates." Id. (citing Ramos v.Lamm, 639 F.2d 559, 576 (10th Cir.1980), *cert. denied,* 450 U.S. 1041 (1981)).

Plaintiff contends that defendants' actions "constitute a deliberate indifference to serious medical need in violation of 42 U.S.C. 1983 and the Eighth Amendment" because defendants knew plaintiff's dental plate had been lost, were aware of the likely effects of

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 05-0567 CAS (CTx) | Date | July 28, 2009 |
|---|---|---|---|
| Title | FRED RAY HARRIS v. SAN BERNARDINO COUNTY SHERIFF DEPARTMENT, ET AL | | |

that loss, yet failed to provide remedies. SAC ¶ 4.

    Defendants argue that they are entitled to judgment as a matter of law because plaintiff has presented insufficient evidence that any defendant was deliberately indifferent to plaintiff's medical needs. Mot. at 9. Defendants deny liability on the grounds that a prison official is liable for denying a detainee medical care only when the official "knows of and disregards an excessive risk to inmate health and safety." Mot. at 9 (quoting Toguchi v. Chung, 391 F.3d 1051, 1058 (9th Cir. 2004)). Defendants further argue that plaintiff's claim fails because "plaintiff must show that defendant was subjectively aware of the risk of harm and consciously chose to do nothing to prevent it," yet plaintiff has presented no evidence demonstrating defendants' acknowledgment of risk or conscious disregard. Mot. at 10. Finally, defendants argue that plaintiff's condition does not constitute a serious medical need, but even if it were construed as such, Olafsen addressed plaintiff's need by prescribing a soft food diet, which Olafsen believed to be effective based on plaintiff's good health and lack of symptoms in follow-up visits. Reply at 1-2; Mot. at 11; Olafsen Decl at 5 ("Of the dozens of inmates who I have treated through the prescription of a soft food diet, including follow-up care, I have never encountered an inmate who could not be adequately medically treated for the loss of the use of his teeth with a soft food diet regardless of the extent of tooth loss").

    Plaintiff responds that defendants exhibited deliberate indifference to his medical needs in two specific ways. First, plaintiff responds that there was a nine month delay in providing plaintiff medical treatment, and that this delay constitutes deliberate indifference. Opp'n at 7 (citing Hunt v. Dental Dep't, 865 F.2d 198, 200 (9th Cir. 1989)). Specifically, plaintiff argues that he complained of difficulty eating and made requests for dental care for nine months beginning in November 2004, but was denied dental care until September 1, 2005 when Olafsen put him on a soft food diet. Id.; Harris Decl. ¶ 7 ("For the following nine months, I continued to complain about the loss of my dental plate, and my inability to chew properly without it, as well as the pain that I was feeling in my gums as a result of trying to chew without a bottom dental plate. During this time I submitted four or five requests to see the dentist").

    Second, plaintiff responds that Olafsen's continued refusal to recommend that

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 05-0567 CAS (CTx) | Date | July 28, 2009 |
|---|---|---|---|
| Title | FRED RAY HARRIS v. SAN BERNARDINO COUNTY SHERIFF DEPARTMENT, ET AL | | |

plaintiff's bottom dental plate be replaced, although it was in her authority to do so, constitutes a deliberate indifference to plaintiff's medical needs. Opp'n at 8. Specifically, plaintiff argues that Olafsen testified that after her November 29, 2004 meeting with plaintiff, she consulted with her supervisor, Kathy Wild ("Wild"). See Olafsen Dep: 35:11-25. Plaintiff notes that Wild testified that Olafsen had the power to recommend that plaintiff be fitted with a new dental plate, and that Wild had the power to order a dental plate, but that Olafsen's recommendations was to order plaintiff a soft diet. SGI ¶ 44; Wild Dep. 42:18-22 ("Q: So there are situations if a dentist recommended to you that it was medically necessary, where you would consider ordering dentures for the inmate? A: Correct"); 39:9-18 ("Q: Did you have the authority to order a dental plate for Mr. Harris? A: Yes"). Plaintiff argues that he continued to complain of pain and difficulty chewing after beginning the soft food diet, and Olafsen's decision to proceed with the soft food diet rather than recommend a dental plate was medically unacceptable. Opp'n at 9.

With regard to the first prong of the test – serious medical need – plaintiff relies exclusively on his own declaration to prove that his dental condition constitutes a serious medical need. However, in viewing the facts in the light most favorable to the plaintiff, the Court finds that plaintiff has alleged sufficient facts to establish a serious medical need, as the failure to treat his condition could result in unnecessary pain and more serious dental problems. Jett, 439 F.3d at 1096; Hunt, 865 F.2d at 201 ("[A]s the factual record is developed, it may turn out that [plaintiff's] dental problems were not as serious as he alleges, or that neither [defendants were] deliberately indifferent to [plaintiff's] need for dental care. But at this stage of the case, considering [plaintiff's] allegations in the light most favorable to him, summary judgment in favor of the defendants . . . was inappropriate.").

With regard to the second prong of the test – deliberate indifference – the Court finds that plaintiff has raised a genuine issue of fact as to whether defendants were deliberately indifferent to his serious medical needs. Jett, 439 F.3d at 1096. The parties dispute what plaintiff told Olafsen on November 29, 2004 and November 30, 2004, apparently disputing when Olafsen was first notified of plaintiff's discomfort or difficulty. Plaintiff alleges that he definitely complained of difficulty eating on

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 05-0567 CAS (CTx) | Date | July 28, 2009 |
|---|---|---|---|
| Title | FRED RAY HARRIS v. SAN BERNARDINO COUNTY SHERIFF DEPARTMENT, ET AL | | |

November 29, 2004, and defendants allege that plaintiff complained neither of pain nor of difficulty eating, and only sought replacement of his missing dental plate. See Olafsen Decl. at 2:18-27; see also Harris Decl ¶ 2.² Furthermore, there is an issue of fact as to whether Olafsen's decision on November 15, 2005 to continue the soft food diet after plaintiff's alleged allegations of pain was medically unacceptable under the circumstances such that Olafsen "chose this course in conscious disregard of an excessive risk to plaintiff's health." Opp'n at 8 (quoting Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1996)).

With regard to the "nine month delay" between the November 30, 2004 and September 1, 2005 appointments, a period which plaintiff deems deliberate indifference, there is an issue of fact as to whether defendant indeed complained of pain and requested treatment during that time, and whether the failure to treat him amounted to deliberate indifference. See Hunt, 865 F.2d at 200 (three month delay in replacing dentures, causing gum disease and weight loss, constituted an eighth amendment violation). Defendants argue that the Health Service Request forms in plaintiff's WVDC medical file indicate that plaintiff did not submit any requests for dental care between November 23, 2004 and August 31, 2005. See Wild Decl., Ex. B-E ("Exhibits 'B' through 'E' are all the Health Service Request forms relative to [plaintiff's] requests for medical attention to his teeth"). However, plaintiff contends that he made numerous complaints from November 30, 2004 to August 31, 2004, and that these complaints went unanswered. Harris Decl. ¶ 7.

Finally, plaintiff has raised a genuine issue of fact as to whether Olafsen's choice to modify his soft food diet, rather than to recommend a replacement dental plate, constitutes deliberate indifference. Toguchi, 391 F.3d at 1058 ("to prevail on a claim involving choices between alternative courses of treatment, a prisoner must show that the

---

² Regarding the November 29 appointment, plaintiff alleges, "[a]lthough I'm not certain if I complained to Dr. Olafsen about my sore gums, and general difficulties eating certain foods at this appointment, I am certain that I complained that I could not chew properly without my bottom dental plate since that was the reason I needed it replaced." Harris Decl ¶ 2.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 05-0567 CAS (CTx) | Date | July 28, 2009 |
|---|---|---|---|
| Title | FRED RAY HARRIS v. SAN BERNARDINO COUNTY SHERIFF DEPARTMENT, ET AL | | |

chosen course of treatment 'was medically unacceptable under the circumstances,' and was chosen 'in conscious disregard of an excessive risk to [the prisoner's] health.' ") (citations omitted)). Therefore, the Court concludes that plaintiff has raised a sufficient issue of material fact regarding the medical treatment provided by Olafsen.

### B. Qualified Immunity of Defendant Olafsen

The doctrine of qualified immunity protects an officer from suits involving the alleged violation of a constitutional right. Saucier v. Katz, 533 U.S. 194, 200 (2001). Qualified immunity is "an entitlement not to stand trial or face the other burdens of litigation." Mitchell v. Forsyth, 472 U.S. 511, 526 (1985). In Saucier, the Supreme Court established a two-part evaluation to determine whether a defendant is entitled to qualified immunity. First, a court must ask, "[t]aken in the light most favorable to the party asserting the injury, do the facts alleged show the officer's conduct violated a constitutional right?" Saucier, 533 U.S. at 201. Second, a court must then inquire "whether the officer could nevertheless have reasonably but mistakenly believed that his or her conduct did not violate a clearly established right." Id. For the second inquiry, "[t]he contours of the right must be sufficiently clear that a reasonable official would understand that what he is doing violates that right." Id. at 202 (citing Anderson v. Creighton, 483 U.S. 635, 643 (1987)). "The relevant, dispositive inquiry in determining whether a right is clearly established is whether it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted." Id.

Defendants argue that Olafsen did not violate plaintiff's constitutional rights and is therefore entitled to qualified immunity. Mot. at 11.

Plaintiff responds that Olafsen is not entitled to qualified immunity because her conduct is not objectively reasonable. Opp'n at 10. Plaintiff argues that it was objectively unreasonable for Olafsen to send plaintiff to file a government claim without knowing whether he would be successful in getting replacement dentures, and for Olafsen to continue treating plaintiff with a soft food diet despite his complaints of pain. Id. Plaintiff further argues that plaintiff's right to adequate dental care was clearly

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 05-0567 CAS (CTx) | Date | July 28, 2009 |
|---|---|---|---|
| Title | FRED RAY HARRIS v. SAN BERNARDINO COUNTY SHERIFF DEPARTMENT, ET AL | | |

established by Hunt, 865 F.2d 198.[3]  The Court agrees that plaintiff has raised a genuine issue of fact about the circumstances of his treatment, such that, taken in light most favorable to plaintiff, plaintiff could show that Olafsen's conduct violated a clearly established right and Olafsen was reasonably aware of the violation.  Saucier, 533 U.S. at 200.  Therefore, a finding of qualified immunity is inappropriate.

### C. Adequate Post-Deprivation State Remedy

"[A]n unauthorized intentional deprivation of property by a state employee does not constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful post-deprivation remedy for the loss is available." Hudson v. Palmer, 468 U.S. 517, 533 (1984).  Defendants argue that California law provides for liability for injuries to prisoners proximately caused by a public employee's negligent or wrongful acts, and further provides that if a prisoner's property is seized, the prisoner may seek mandamus to have it returned.  Mot. at 14, citing Cal. Gov't Code § 844.6 (public employee may be liable to a prisoner for negligent or wrongful act or omission); Minsky v. City of Los Angeles, 11 Cal.3d 113 (1974) ("A defendant in a criminal proceeding clearly has the right to obtain mandamus to compel the return of personal property wrongfully withheld by the custodial officers").  Therefore, defendants argue, they are not liable for the alleged deprivation of plaintiff's dental plate. Plaintiff, however, counters that he has not attempted to make a showing of an unauthorized deprivation of property.  Therefore, defendant's argument is moot.

### D. Punitive Damages

"A jury may be permitted to assess punitive damages in an action under § 1983 when the defendant's conduct is shown to be motivated by evil motive or intent, or when it involves reckless or callous indifference to the federally protected rights of others."

---

[3] Defendants argue that Hunt is distinguishable, because in Hunt, 865 F.2d 198, defendants failed to prescribe a soft food diet to alleviate plaintiff's pain, whereas in the instant action, a soft food doctrine was applied.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 05-0567 CAS (CTx) | Date | July 28, 2009 |
|---|---|---|---|
| Title | FRED RAY HARRIS v. SAN BERNARDINO COUNTY SHERIFF DEPARTMENT, ET AL | | |

Smith v. Wade, 461 U.S. 30, 56 (1983).

Defendants argue that plaintiff's claim for punitive damages should be dismissed, as plaintiff failed to present evidence that defendants' conduct was motivated by evil intent or was callously or recklessly indifferent to plaintiff's constitutional rights. Mot. at 16.

Plaintiff responds that his claim for punitive damages is valid because the evidence presented demonstrates that "[d]efendant Olafsen acted, at a minimum, with reckless disregard for plaintiff's constitutional rights." Opp'n at 11 (citing Ninth Ciruit Model Civil Jury Instructions 5.5 *Punitive Damages* ("Conduct is in reckless disregard of the plaintiff's rights if, under the circumstances, it reflects complete indifference to plaintiff's safety or rights, or if the defendant acts in the face of a perceived risk that its actions will violate plaintiff's rights under federal law"). The Court agrees that defendants have failed to demonstrate that there is no issue of fact as to whether Olafsen's actions were reckless so as to give rise to a punitive damages claim.

### E. San Bernardino County Sheriff Department

It is well established that § 1983 does not impose liability upon state officials for the acts of their subordinates under a *respondeat superior* theory of liability. See Monell v. New York City, 436 U.S. 658 (1978). Under Monell, a municipal entity may not be liable, even where plaintiff has suffered a deprivation of a constitutionally protected interest, unless the alleged act is performed "in execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy." The Sheriff's Department is a municipal entity. See Shaw v. Cal. Dep't of Alcoholic Beverage Control, 788 F.2d 600, 604-05 & n.1, 610-11 (9th Cir. 1986) (holding that county sheriffs department is a public entity under California law and may therefore be sued in federal court, subject to the limitations on imposing liability on a municipality).

At the hearing, the Court stated that there appeared to be insufficient evidence of a

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 05-0567 CAS (CTx) | Date | July 28, 2009 |
|---|---|---|---|
| Title | FRED RAY HARRIS v. SAN BERNARDINO COUNTY SHERIFF DEPARTMENT, ET AL | | |

custom, policy, or practice to support <u>Monell</u> liability for the Sheriff's Department, and therefore asked plaintiff to submit a further brief on this issue. On July 20, 2009, plaintiff's counsel filed a status report, in which she stated that she had no further evidence to submit in support of the claims against the Sheriff's Department and that she was attempting to secure her client's consent to dismiss the Sheriff's Department as a defendant. Because plaintiff has failed to set forth sufficient evidence of the basis for his <u>Monell</u> claim, the Court finds granting summary judgment in favor of the Sheriff's Department to be appropriate.

### IV. CONCLUSION

In accordance with the foregoing, the Court GRANTS in part and DENIES in part defendants' motion for summary judgment. Specifically, the Court GRANTS summary judgment in favor of the San Bernardino County Sheriff Department, and otherwise DENIES defendants' motion for summary judgment on plaintiff's 42 U.S.C. § 1983 claim.

IT IS SO ORDERED.

|  | 00 : 00 |
|---|---|
| Initials of Preparer | CMJ |